May, and you may proceed when you're ready. May it please the court, my name is Bobby Digby and on behalf of the appellant Freddie Gladney, III. The Honorable Court, this case involves numerous issues of reversible error. In my time, I would like to focus on two of them. One of those is the motion to dismiss Mr. Gladney's, the order to dismiss motion, Mr. Gladney's motion regarding speedy trial. And the second is Mr. Gladney's rights being violated by the consideration of acquitted conduct and the sentencing hearing that was held. As to the acquitted conduct, the sentencing guidelines amendment 1B13C went into effect on the day of our sentencing. It puts a definition of relevant conduct as it relates to acquitted conduct and states in relevant part that acquitted conduct will not be considered in arriving at a sentence unless the conduct includes in whole or part a convicted offense. I don't think that is an issue here. The court considered, in our case, what we called a machine gun or Glock switch that was purportedly found in a police car after Mr. Gladney's arrest in both raising his guideline range and in a variance upward on the possession of firearms count which he was convicted of. The court stated in sentencing, I believe it's page 57 of the sentencing record, that if the gun wasn't equipped with a Glock switch that it was capable of being equipped with a Glock switch. The jury in this case specifically found Mr. Gladney not guilty of possession of the machine gun or Glock switch as I'm calling it. So is there a difference then between, as I understand the Glock switch was found purportedly the officer testified was in his squad car, is that right? Yes, Your Honor. But the gun itself was in the vehicle that was pulled over? That's correct, Your Honor. And that was the gun that was sort of prepared to take the Glock switch, is that right? That was the government's position. So is that the difference? I mean, so could the jury, the jury found didn't believe the officer, right, so found that he didn't possess the Glock switch. But they did find that he Yes, Your Honor. There were two firearms in play, but the one that the courts were referencing to, they did find him guilty of possession of that in furtherance. And that one did not have what I'll call the back plate? It was, for purposes of appeal, the second firearm I don't think is relevant unless the court has questions about it. It was the Polymer 80, which is essentially a Glock-style semi-automatic pistol that is at issue that was purportedly had the back plate missing, although that was this, that was in dispute regarding the trial and the testimony from the trooper. So would, I guess my question is that it would, did the jury have to come to any conclusion one way or another about the missing back plate in order to find that he had not possessed a machine gun? I don't, there was no specific finding regarding the back plate. That was just, I think, part of the argument that showed that this plate was on there, which the jury rejected. And so, could the district court take into consideration the gun itself in sentencing without taking into consideration the acquitted conduct, which was the Glock switch? I don't believe so, because he was convicted and the guideline range for the firearm was 60 months. There was a variance upward to 90 months on that. And the court specifically referenced the switch, as it was called, or the Glock switch, being found in the trooper's car, and went on to caveat that if that wasn't his switch, although he relied on it, then it could have been. So your argument is the district court did rely on the switch, didn't just solely rely on the lack of the plate? Both things were stated, Your Honor. Also as to acquitted conduct on the switch, as I'm calling it, I don't believe the court should have found by preponderance of the evidence that it was even proven based on the facts presented at trial. There were numerous inconsistencies based on video from the trooper that specifically the trooper acknowledged on the stand that he was not sure when the gun, whether it had a back plate on it, when he found it, when it came apart, could it have been lost by the trooper, etc., based on the trooper's own statements at the scene that were claimed by video. The court also considered acquitted conduct in raising his guideline range. In that, the court found two specific enhancements that are at issue here. One is the leadership role in the four-level increase. During that, the court relied on wiretaps to show that Mr. Gladney was a leader or organizer of a conspiracy involving five or more people. The jury, explicitly by their finding of the weight involved and the testimony presented that Mr. Gladney was not in a conspiracy with other people distributing excessive, the amount of marijuana that was listed in the wire, stated in the wiretaps, the jury's finding of less than 50 kilograms of the conspiracy was based very clearly on the testimony of Witness Jeremy Green. Jeremy Green testified that on about five occasions, he delivered between 10 and 25 pounds of marijuana to Mr. Gladney to be distributed. That was the 50 kilograms, approximately 100 pounds that the jury found, which included the marijuana found at the traffic stop, which was presented in court to the jury. By their finding on the weight, they explicitly denied to find him guilty of being in a conspiracy with anybody else that was presented on the wiretaps. There were no other testimony of any co-conspirators at the case. So in considering that Mr. Gladney was a leader or organizer in the four-level increase, the court relied on the wiretaps to increase his guideline range, which was acquitted conduct based on the jury's finding. The court relied on the finding for acquitted conduct. It relied upon US 3661 and the comments of the jury. Our position in regard to that is that the intent of the guideline amendment, the 1B13C, is that, and as stated by the United States Sentencing Commission, that not guilty means not guilty. And that by considering this, and there's been a long line of cases that has continued to show justices' and judges' positions that relying on acquitted conduct or conducts not proven beyond a reasonable doubt raises severe constitutional concerns. And so it is our position that when the guidelines, which is what the court is to consider and which according to the case law I think grounds or anchors the judge's discretion in setting a sentence, says that certain conduct, namely acquitted conduct, is not relevant conduct. That by very definition, if it's not relevant, it should not be considered at all under due process standards or anything because if you're considering irrelevant conduct to raise a person's sentence, especially a substantial raise like was in this case, then it violates due process and constitutional concerns. So by very definition, acquitted conduct is irrelevant conduct. So the guidelines... Is it a matter, counsel, that the burden of proof is different? That you could theoretically have somebody who's innocent beyond a reasonable, or not guilty, excuse me, beyond a reasonable doubt because beyond a reasonable doubt hasn't been proven, but by preponderance of the evidence there's enough there to get over, I know we don't use percentages, but 51% or 55%. Your Honor, I don't believe that there's a problem with that based on the guideline intent of the amendment and the constitutional presumption of innocence. There is not a way for a jury to make a checkmark on a box that says a person is innocent of this. And the case law is clear that an acquittal can be that a person is innocent. We don't believe they are guilty of that offense. And they cannot make an express finding. Not guilty means not guilty. The sentencing commission said it better than I can. There is no way. And so to allow the judiciary to raise somebody's sentence based on conduct the jury expressly rejected, violates the presumption of innocence, due process, right to a trial by jury, and basically takes the authority away from our citizenry, which is what protects us in the United States. Did the, I know the district court upwardly varied, but did the district court go beyond the statutory maximum?  Okay. Your Honor, in my remaining time, I would like to address the one factor of the speedy trial argument. And it's what I will call the ends of justice continuance, which allowed more than 70 non-excludable days to pass before trial. The issue was a December 13, 2022 order of continuance that did not have the appropriate findings put in it to satisfy 3161H. And Your Honor, what the court did in that instance was when we had our hearing on the motion to dismiss, then it presented an order, making a ruling denying it, and then supplementing the findings. All the case law says that although it should be contemporaneous with the order or the motion being made, it does not have to be. But all the cases do say that the supplement of the factors or the findings under 3161 should be made by or before the order to dismiss so that I believe the defense can challenge that the factors considered. In this case, the district court only issued its supplemental findings to satisfy the ends of justice continuance when it made the order denying our motion, not prior to it as required by the case law. The court had several months going on, a year and a half or two years, to do that supplement and waited until it issued the order of denial before it supplemented, which is inappropriate and doesn't comply. Is it your view that that order is sufficient? It's just too late? Your Honor, I didn't have the opportunity to challenge it because it was not provided to me prior to our hearing, so I could challenge whether it was sufficient or not. Are you challenging whether it's sufficient now? Your Honor, I did not challenge that in my brief because I didn't have a challenge at the district court level, so I didn't have the opportunity. Unless the court has questions, I think I'm going into my rebuttal time and I would stand aside. You may. Thank you. Thank you, Counsel. We'll hear from Ms. Fields. Thank you, Your Honor. May it please the court, good morning. My name is Amanda Fields and I represent the United States. The United States this morning is respectfully requesting that this court affirm the conviction and sentence of Freddie Gladney III. Mr. Gladney's trial date, as evidenced by the record, did not violate the Speedy Trial Act, nor did it violate his rights to due process. At sentencing, the district court appropriately considered all of the evidence before it pursuant to 18 United States Code Section 3661. Additionally, at sentencing, the district court did not err in calculating the guideline range as it properly determined that Mr. Gladney was a leader or organizer of this conspiracy, that Mr. Gladney obstructed justice, and that Mr. Gladney did not accept responsibility. Finally, the United States admits that the district court properly submitted, or properly admitted evidence pursuant to 404B and correctly limited the testimony of Mr. Gladney's expert witness. Beginning with the speedy trial, if that's okay, the United States' position is that the district court correctly determined that the date of Mr. Gladney's trial complied with the Speedy Trial Act and his rights to due process under the Sixth Amendment. The district court properly and timely articulated his reasons for granting multiple continuances filed prior to the December 13th, 2022 order. What about the December 13th order? Do you think that based on our case law that it needs to be before that order, that the supplemental explanation or reasoning needs to be provided? No, Your Honor. The case law is clear that the findings do not need to be made contemporaneously, and that as long as those findings have been considered by the district judge when he's entering that continuance order, that is sufficient. But it does have to be articulated. As I'm understanding your friend's argument, is he's saying that putting it in the order, denying the motion, is basically one day too late. You've got to do it before then, even though it doesn't have to be contemporaneous with the original continuance. I would disagree with that. I think that Zedner is clear that the findings or the reasons for the continuance only need to be articulated at the time or before the court rules on the order to dismiss. That order entered in April of 2024 specifically set out its reasons for that continuance back in December of 2022. There's no timeframe as to when those reasons needs to be put on the record, except for by the time the court is entering an order or making a ruling on a motion to dismiss pursuant to speedy trial. I would also like to point out that in the numerous continuances that were filed, one of the co-conspirators, Aaron Nichols, filed a motion in document 185 of the trial record. In that motion, Mr. Nichols specifically lines out all of the reasons under the Speedy Trial Act that he needs a continuance in this case to prepare for trial, to meet with his attorney and whatnot. In the district judge's order, granting that December 13, 2022 continuance, document 315, he specifically says, I have reviewed all of these motions. I have reviewed and considered the statements in these motions and determined that a continuance is needed to meet the ends of justice. I think by his statement that he has considered those motions, it's clear that the district judge did consider and weigh whether or not a continuance was needed in December of 2022 under the Speedy Trial Act. On that point, it is pretty clear from this record why the district court did it, probably even at the time given that particular motion. You could imagine a situation where the district judge doesn't have the Speedy Trial Act or Speedy Trial, the Sixth Amendment, on his mind or her mind and decides, you know what, I don't really want to go to trial next week. I want to go to trial six weeks from now. I'm busy. I've got a lot of orders to write this week. So there's a continuance given. And then that takes you over to the Speedy Trial Act. And then six weeks later, oops, you get a motion in and the district judge says, well, that was the ends of justice because, well, I had a lot of orders to write that week. And so this rule allows you to post hoc justify something that may not be justifiable at the time. I can imagine there might be a situation where that could be abused, but I don't think that that's in this case. There were numerous defendants, thirty four, thirty five defendants that were arrested in November of 2022. And their trial date was December of December 22nd of 2022. They had not time to meet with their attorneys. They hadn't had time to prepare a strategy for trial. This was a wide ranging, ongoing, lengthy conspiracy that lasted over the course of years with multiple wiretaps and wiretap evidence to review. And so while there could potentially be a situation where that might be an issue, that's not the issue in this case. And case law is also clear that matters like docket congestion are insufficient for the necessity of a continuance, right? And so if that's the case, I think that your hypothetical is probably more akin to a docket congestion type of concern than what we have before us in this case. I'm sorry. Additionally, the district court appropriately considered the factors under Barker to determine that Mr. Gladney's due process rights and Sixth Amendment rights weren't violated in his April 2024 order. Excuse me. Also at sentencing, if there aren't any additional questions about speedy trial, I'll move on to Mr. Gladney's sentencing. But at sentencing, the district court properly considered all of the evidence before it under 18 United States Code Section 3661. Mr. Gladney's conduct was appropriately considered by the district court in its entirety. The district court correctly applied the four-level increase for the leadership enhancement and a two-level increase for the obstruction of justice. I would like to comment based on Mr. Digby's argument that it's clear that the district court relied on acquitted conduct. I think that that is speculative. There's never a finding or there wasn't a finding in this case from the jury as to what particular aspects of this case they convicted Mr. Gladney of and what they acquitted Mr. Gladney of. And so there's no way to know what portion of this case they specifically rejected. And so I disagree that the district judge relied on acquitted conduct in applying those leadership enhancements as well as the obstruction enhancement. Additionally, from the record, I think it's clear that Mr. Gladney never accepted responsibility and so the district court correctly withheld the acceptance of responsibility points. Can you address the leadership argument? If I'm understanding it right, he's saying, well, the jury found him guilty of a lesser quantity, the least amount. And if I'm understanding correctly, if that's all they found him responsible for, then that means they rejected transactions with other people and so he couldn't have been a leader of them? Can you address that? Because it is, I mean, it's not a direct finding that the jury has to make, how many people are involved or did he have a leadership role, what was his role? But you can make an inference from some of the findings. Yes, Your Honor, I think that you can make an inference from findings or you can speculate as to what you think may have happened in deliberations. But again, the jury found Mr. Gladney guilty beyond a reasonable doubt of participating in this marijuana conspiracy and Judge Moody, appropriately by a preponderance of the evidence, determined that Mr. Gladney served as a leader or an organizer of this conspiracy. Let me focus it a little bit more, and I understand your position that it's a different burden of proof, but putting that aside just for now, just trying to figure out if it is acquitted conduct at all. I guess what I'm, maybe inference isn't the right word I should have used, but by definition, if he wasn't found guilty of, in the jury's eyes, a quantity sufficient that would have included other people. In other words, by definition, if they only found him guilty of the smaller amount, they could not have included his conduct with other folks. So is that, that's, again, it's not a direct finding, but maybe by its very nature, it might be. That they weren't convinced of your evidence that he was involved with this higher quantity, which meant not with these other folks. Can you address that? But by Mr. Digby's logic, right, that Mr. Gladney was convicted of the marijuana conspiracy involving the cooperating witness that testified at trial. Well, that witness was in the conspiracy as well, so the jury has agreed that there was a conspiracy. And so then I don't know how you parse out, well, the jury thought that he was involved in a conspiracy with this person, but not these other people. I don't see how that- I guess it's just based on quantity. And I don't know that that's a conclusion it could be reached from the limited information on a verdict form. And so when the district judge considered all of the evidence before him, and the wiretap calls including his father, Freddie Gladney, Jr., the cooperating witness, Kajarvis O'Neill, Darius Furlow, Matthew Taylor, the list goes on, that Mr. Gladney did, in fact, serve as a leader of this conspiracy that included well over the required amount of people for that appropriate enhancement to apply. I just, I think it's speculative to try to say, well, this was acquitted conduct because this is what the jury agreed with. I mean, we've all seen verdicts come back and you scratch your head and you try to figure out what the jury did. Well, he was acquitted of the higher quantity. He was, Your Honor, but I don't know what their reasons for that acquittal might be. And- Well, that he wasn't involved. I mean, I don't mean to be misobvious, but that you didn't prove beyond a reasonable doubt that he was involved in any more than, was it 50 kilos? But again, Judge, there could be a host of reasons. Nobody knows what happens in a jury room, right? And as much as we don't want to think that jurors engage in some sort of horse trading with conduct, and what they're going to convict or acquit on, I don't know if that's what happened in the jury room. I don't know what happened, but I know that he was convicted of a conspiracy. I know that that conspiracy included testimony before the district court of wiretap intercepts with five or more people, where Mr. Gladney is instructing them to, or serving as a leader, telling people to go to a house and destroy evidence, telling others how they need to price their marijuana for sale. And so the district court was the one that applied that enhancement. And I just, I don't think that we can get there to say, well, based on this conduct, they must have acquitted under this particular person in the conspiracy, or under these people in the conspiracy, but not this one guy. I just, I don't see how that conclusion can be reached based off of that conduct. I don't know if the jury thought, well, there were 20 pounds of marijuana that were in that car that he was arrested in in April of 2022. And so we're going to say that he was in a marijuana conspiracy for that, and we reject all of their testimony. I just, there's no way to know. And so that was the role of the district court judge to determine that, based on the evidence before him, Brad preponderance, that he was involved in that particular quantity of marijuana, and a leader over the others. What about the machine gun? Is that a little different? Because there we have a pretty clear finding by the jury that he was, you know, there was an acquittal of that conduct. And I don't think that the district court relied on that acquitted conduct. And I don't think that the district court said, well, you had a lock switch in the back seat of the patrol car. And so I'm going to give you an upward variance. I think that what the district court stated was that based on the missing back plate, it's clear that if that wasn't the machine gun that you had, you were clearly ready to have a machine gun on the back of that polymer 80 Glock style firearm. And as evidenced by the fact that it was so easily removed at trial by the firearms expert that testified. I think that the district court was careful to draw that nuance saying, I believe that you had this firearm to possess a Glock switch. Whether or not it was that one is a different story. But this gun was clearly ready for a Glock switch. And I think that that's what he based his finding on from the record. And so I don't think that the district court relied on that acquitted conduct. And your honor, as far as the Glock switch goes, he was not relying on the Glock switch in any way to create a guideline calculation. That never factored into the guidelines to begin with. He was relying on that for an upward variance. Under 36-61, that acquitted conduct is still appropriate to be considered before the district court in fashioning a sentence. And I would like to point out that the district judge said in his findings that he believes, and I'm sorry if I may finish this thought. I'm out of time. Finish your thought. Thank you, judge. That he believed that the sentence that he imposed was appropriate, regardless of any error in the calculation of his guideline range. That he thought that was the time that was warranted under the 35-53A factors. And so if the guideline level was incorrectly applied, which the United States disputes that it was, that error would be harmless, your honor. Based on the district judge's findings there. I've exhausted my time and thank you for your time. Thank you. Mr. Deepe, you may. You have four minutes. Thank you, your honor. To address a few things brought up by the government. One, I think they acknowledge that the case law regarding the ends of justice continuance specifically says by the time findings are made. So I don't think there's a lot of issue of what the case law says regarding in timeliness of the findings regarding the speedy trial. They briefly touched on the First Amendment arguments regarding Mr. Gladney's rights to freedom of speech, artistic expression. In their own brief, they acknowledge that that was cumulative evidence. Furthermore, based on the proffer made by Dean Cummings, our expert was limited in defending it as this court has held that it's improper to limit a defense in response to that. Counsel, I wanted to ask you about the rap lyrics and that evidence. Why is it rule 404B? Why isn't it just more analogous to a confession? I get it that it's artistic. I get it that they're talking about things they're not necessarily doing. But that's for the jury to evaluate. But it's not really a prior bad act. Making rap music is not a prior bad act. And so I'm wondering why it's covered by 404B at all. I don't believe it should have been covered. I don't believe it should have been admissible at all. And that's why they had no evidence that Mr. Gladney wrote these lyrics. And they, I think, only barely touched on in closing arguments in their brief that it was necessary for knowledge. Our expert specifically testified that it's common in music industry as a whole to have the writers of songs and then the performers. And that's two different skill sets. So basically by performing artistic expression, if you allow it under 404B for knowledge, then it goes against the entire testimony and the evidence. There was no evidence to support that. But if it's not 404B, then you go straight to sort of 401 and 403, where you have relevance and then you have prejudice. And certainly a district court could have said, hey, this is more prejudicial than probative. But I think that given the similarity between the rap lyrics and what happened, you could easily say, well, you know, it's prejudicial, but it's really, really probative. And we would affirm that because we're abuse of discretion. So I just want to give you a chance to respond to that. Well, they did not have, they did not rebut the expert testimony. And they had no one available who could to even say he had the knowledge required that this evidence was relevant. And it's also still violates the First Amendment by punishing freedom of expression and artistic expression. And so it is a harmless error for the admission. But under the constitutional concerns, I think it's a de novo standard that this should not have been allowed in any form or fashion. How is it different from a confession, though? I mean, that's the thing. Confession is undoubtedly First Amendment expression because you're talking. It's freedom of speech. How is a rap lyric different from that? Because one is artistic, quite often false. It's a portrayal. And our expert actually touched on that, that that was common for artists to have personas. And so a confession is not any, it's apples and oranges to a rap lyric versus a confession sit down being questioned by law enforcement or asked specifically about the crime you're accused of and then you confess to it. This was done well beforehand. It was done in the context of artistic expression and his career as a rap artist. Briefly, in my remaining time, considering anything under the 3661, piggybacking on what I stated previously, if we allow acquitted conduct to be considered under 3661, then there is no purpose to the rule, the new sentencing guidelines. It swallows it, except for in the rare occasion where the guideline is the statutory maximum sentence. So to allow acquitted conduct to be considered in 3661 does away with the whole intent of the new amendment regarding acquitted conduct. As to the back plate, the court, based on the government's argument, if the court didn't find it, then the court based a variance on speculation, not on facts proven by a preponderance. That is all my time. May I be seated? Thank you very much. All right. Case is submitted. Counsel, we appreciate your arguments this morning. It's been very helpful. And we will render a decision in the case as soon as possible. And with that, counsel, you may stand aside.